[Cite as *Jenkins v. Fields*, 2026-Ohio-2545.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

SHARLA JENKINS,                                    :

    Plaintiff-Appellant,                     :

                                No. 115843

    v.                                                     :

HELEN FORBES FIELDS,                         :

    Defendant-Appellee.                       :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 2, 2026

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-25-122286

***Appearances:***

Sharla Jenkins, *pro se.*

Forbes Fields & Associates Co., L.P.A., and Darrel A. Fields; Scott H. Schooler, *for appellee.*

LISA B. FORBES, P.J.:

{¶ 1} Plaintiff-appellant Sharla Jenkins ("Sharla") appeals from the trial court's October 31, 2025 judgment granting the motion to dismiss of defendant-appellee Helen Forbes Fields ("Fields"). After a careful review of the facts and pertinent law, we affirm.

{¶ 2} Sharla, pro se, filed this action in August 2025. The gravamen of her complaint related to various alleged wrongdoings of Fields, who served as the administrator of the estate of Elase Jenkins ("Jenkins"), Sharla's mother, who died in November 2015. According to Sharla's complaint, a probate case was opened approximately one month after Jenkins's death. The initial executor of the estate was removed in June 2016, after which the probate court appointed Fields as the administrator.

{¶ 3} Fields filed a motion to dismiss and a motion to declare Sharla a vexatious litigator. Fields's motion to dismiss was made under Civ.R. 12(B)(6) on the grounds that Sharla failed to state a claim upon which relief could be granted and that Sharla's claims were barred under the doctrine of res judicata. The trial court granted the motion to dismiss, finding that Sharla's claims were barred by the statute of limitations and under the doctrine of res judicata. Sharla now appeals, and in her sole assignment of error challenges the trial court's dismissal of this case.

{¶ 4} Initially, we note that Sharla acted pro se in the trial court and represents herself pro se on appeal. This court has previously recognized:

> [A] pro se litigant may face certain difficulties when choosing to represent oneself. Although a pro se litigant may be afforded reasonable latitude, there are limits to a court's leniency. *Henderson v. Henderson*, 11th Dist. Geauga No. 2012-G-3118, 2013-Ohio-2820, ¶ 22. Pro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are represented by counsel. *In re Application of Black Fork Wind Energy, L.L.C.*, 138 Ohio St.3d 43, 2013-Ohio-5478, 3 N.E.3d 173, ¶ 22.

*Saeed v. Greater Cleveland Regional Transit Auth.*, 2017-Ohio-935, ¶ 7 (8th Dist.).

**{¶ 5}** Thus, we presume Sharla had knowledge of the law, legal procedures, and appellate process.

**{¶ 6}** Appellate courts review a trial court's ruling on a Civ.R. 12(B)(6) motion to dismiss under a de novo standard. *Hersh v. Grumer*, 2021-Ohio-2582, ¶ 5 (8th Dist.). In a de novo review, this court affords no deference to the trial court's decision and independently reviews the record to determine whether the trial court's judgment is appropriate. *Hollins v. Shaffer*, 2009-Ohio-2136, ¶ 12 (8th Dist.).

**{¶ 7}** "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint . . . . Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party." *NorthPoint Props. v. Petticord*, 2008-Ohio-5996, ¶ 11 (8th Dist.). A motion to dismiss under Civ.R. 12(B)(6) "can only be granted when it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to relief." *Grey v. Walgreen Co.*, 2011-Ohio-6167, ¶ 3 (8th Dist.); *see also State ex rel. Scott v. Cleveland*, 2006-Ohio-6573, ¶ 26 (A "Civ.R. 12(B)(6) determination cannot rely on *factual allegations* or *evidence* outside the complaint . . . ."). (Emphasis in original.)

**{¶ 8}** Civ.R. 8(A) requires a complaint to include "a short and plain statement of the claim showing that the party is entitled to relief . . . ." Further, "[e]ach averment of a pleading shall be simple, concise, and direct." Civ.R. 8(E)(1). Civ.R. 8(A) must be read in conjunction with the remaining sections of Civ.R. 8,

including Civ.R. 8(F), which provides "[a]ll pleadings shall be so construed as to do substantial justice."

{¶ 9} Civ.R. 8 is a liberal pleading rule. *Bowers Constr. Co., Inc. v. Chuparkoff*, 2010-Ohio-419, ¶ 5 (9th Dist.). Under the rule's liberal pleading requirements, a plaintiff must merely set forth operative facts in the complaint "which give fair notice of the action . . . ." *Truax v. Arora*, 1993 Ohio App. LEXIS 2059, *5 (9th Dist. Apr. 7, 1993); *Bowers Constr.* at *id*. "Any legal theory applicable to the stated facts will support a recovery." *Truax* at *id*.; *Vagas v. Hudson*, 2009-Ohio-6794, ¶ 13 (9th Dist.) (A complaint will survive a motion to dismiss as long as it "sets forth adequate facts demonstrating a claim for relief."). If a complaint does not comply with Civ.R. 8(A), it may be dismissed pursuant to Civ.R. 12(B)(6). *See Doe v. Greenville City Schools*, 2022-Ohio-4618, ¶ 7-8.

{¶ 10} Sharla's complaint was 37 pages of text, and a total of 284 pages with attached exhibits. The complaint did not contain numbered paragraphs, nor clear pronouncements of the causes of action under which she sought relief. Mostly, the complaint was Sharla's recitation of what occurred in the probate court beginning in 2015 through the court's adoption of Fields's amended final account, which occurred in May 2018.

{¶ 11} Liberally construing Sharla's complaint, we note that near the conclusion of her complaint, Sharla alleged she "expos[ed] a conspiracy to commit fraud." (Complaint, p. 37). According to Sharla, the initial executor started a conspiracy and the conspiracy ended with Fields.

{¶ 12} Civil conspiracy is not an independent cause of action. *Bender v. Logan*, 2016-Ohio-5317, ¶ 78 (4th Dist.). That means that, under Ohio law, "[a]n underlying unlawful act is required before a civil conspiracy claim can succeed." *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 475 (1998). In addition to demonstrating an underlying unlawful act was committed, in order to maintain a claim of civil conspiracy in Ohio a plaintiff is required to demonstrate that a malicious combination of two or more persons caused injury to the plaintiff or the plaintiff's property. *Syed v. Poulos*, 2013-Ohio-5739, ¶ 14 (8th Dist.), citing *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 419 (1995).

{¶ 13} The underlying unlawful act Sharla claims occurred in this case was fraud. The prima facie elements of fraud are: (1) a representation or, where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance. *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 55 (1987), citing *Burr v. Bd. of Cty. Commrs.*, 23 Ohio St.3d 69 (1986), paragraph two of the syllabus, and *Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167 (1984).

{¶ 14} Even construing Sharla's allegations in her favor, she failed to allege any supported facts to establish a fraud claim against Fields. *See Morrow v. Reminger & Reminger Co. LPA*, 2009-Ohio-2665 ¶ 7 (10th Dist.) (A court need not

accept as true any unsupported and conclusory legal propositions advanced in a complaint.). Based on our de novo review and viewing the allegations in the complaint in favor of Sharla, including the documents incorporated by reference and attached to the complaint, we find that the complaint against Fields failed to state a claim upon which relief could be granted. Throughout her complaint, Sharla expresses her dissatisfaction with the way in which Jenkins's estate was administered in the Cuyahoga County Probate Court. However, she does not identify any false representation or concealment of fact made knowingly or recklessly by Fields on which Sharla justifiably relied to her detriment. The trial court did not err in granting Fields's Civ.R. 12(B)(6) motion to dismiss.

{¶ 15} Regarding the dismissal on the ground of res judicata, we note that "[r]es judicata is an affirmative defense. Civ.R. 8(C). It is not included in the list of defenses that may be raised in a Civ.R. 12(B) motion to dismiss." *Jefferson v. Bunting*, 2014-Ohio-3074, ¶ 10; *see also State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 109 (1991) ("[T]he defense of res judicata may not be raised by motion to dismiss under Civ.R. 12 (B)."). "The *Freeman* rule is consistent with the general proposition that courts cannot rely on evidence or allegations outside the complaint to decide a Civ.R. 12(B)(6) motion to dismiss." *Jefferson* at ¶ 11. Thus, res judicata was not a proper ground for dismissal of the complaint.

{¶ 16} However, the dismissal was proper on the ground that the complaint failed to state a claim upon which relief could be granted.[1] Thus, Sharla's sole assignment of error is without merit and hereby overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LISA B. FORBES, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR

---

[1] "Our judicial system relies on the principle of party presentation, and courts should ordinarily decide cases based on issues raised by the parties." *Epcon Communities Franchising, L.L.C. v. Wilcox Dev. Group, L.L.C.*, 2024-Ohio-4989, ¶ 15, citing *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). Fields's motion to dismiss was based, in part, on failure to state a claim upon which relief could be granted and for the reasons stated herein dismissal on that ground was proper. Fields did not raise the statute of limitations as a ground for dismissal and, therefore, we decline to consider it.